Nina **HARDING**, Plaintiff–Appellant,

v.

State of **WASHINGTON**; Seattle Central CC, a unit of Seattle College District VI, a government entity; Charles A. Kane, Chancellor in his official capacity; Charles H. Mitchell, SCCC President in his official capacity; Ronald Hamberg, SCCC Vice President of Instruction in his official capacity; William Sperling, SCCC Assoc. Dean of Basic Studies Division in his official capacity, Defendants–Appellees.

No. 00–35081.

D.C. No. CV–98–00053–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2001.[*]

Decided Aug. 15, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Nina Harding contends that Defendants–Appellees violated her First Amendment rights when they failed to act in response to her complaints that a jail education program provided unequal educational opportunities. She also claims that the suspension of the program, her resulting loss of employment as a part-time instructor, and her failure to be re-hired for the new program constitute adverse employment actions sufficient to support her First Amendment claim. The district court conducted a bench trial on her First Amendment claim and granted summary judgment for Defendants–Appellees on her other claims. Harding only appeals the First Amendment claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Throughout Harding's employment as a part-time instructor she was outspoken in her views on the college's policies affecting part-time faculty and the rights of inmates to receive education. Although these views touch on matters of public concern, she suffered no adverse employment action by her supervisors' silence or failure to respond to her criticisms. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 874–75 (9th Cir.1998) (holding that "plaintiff must show, in the first instance, that he has suffered an adverse employment action."). She was rehired under consecutive contracts for each term for over four years through the 1995 summer term.

The district court's finding that the college's decision to suspend the program in 1995 was the result of an expert panel's evaluation was also not clearly erroneous. Accordingly, the suspension of the program was not an adverse employment action against her in an effort to quash her protected speech.

The district court's finding that Harding's speech was not the substantial motivating factor for suspending the jail education program was also not clearly erroneous. *See Nicholson v. Bd. of Educ. Torrance Unified Sch. Dist.,* 682 F.2d 858, 864 (9th Cir.1982) (holding that "the decision as to an employer's true motivation plainly is one reserved to the trier of fact" and affirming under the clearly erroneous standard).

It is clear from the record that Harding was not barred from future employment in retaliation for her protected speech. Even assuming that she suffered an adverse employment action as a result of the program's suspension, she failed to establish that the college's failure to rehire her was caused by retaliation. Rather, she declined to apply for a position when the jail education program was reinstated.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.